IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SASSO USA, INC., )
)
        Plaintiff, ) No. 14 C 2057
  v. )
) Judge Robert W. Gettleman
ZEIN INVESTMENTS, LLC; HASSAN "ALEX" )
ELZEIN; and PRUSSIANI USA, LLC, )
)
        Defendants. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sasso USA, Inc. has brought a fourteen-count amended complaint against defendants Zein Investments, LLC ("Zein Investments"), Hassan "Alex" Elzein ("Elzein"), and Prussiani USA, LLC ("Prussiani"). Counts I and II allege violations by Elzein of Section 347.088 of the Missouri Limited Liability Company Act (the "Missouri LLC Act"). Count III alleges common law breach of fiduciary duty against Elzein. Count IV alleges common law breach of duty of loyalty against Elzein. Count V alleges a violation of the Lanham Act (15 U.S.C. § 1125(d)) against Elzein. Counts VI and VII allege violations by Zein Investments of Section 347.088 of the Missouri LLC Act. Count VIII alleges common law breach of fiduciary duty against Zein Investments. Count IX alleges common law breach of duty of loyalty against Zein Investments. Count X alleges breach of an operating agreement against Zein Investments. Count XI alleges that Zein Investments is liable under the parties' operating agreement for breach of the parties' distribution agreement. Count XII alleges trademark infringement (15 U.S.C. § 1125(a)) against Zein Investments and Elzein. Count XIII alleges tortious interference against all defendants. Count XIV alleges unjust enrichment against all defendants.

Defendants have moved to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

**FACTS**

Plaintiff, an Illinois corporation, is a subsidiary of Sassomeccanica, S.r.L., a multinational corporation that designs and manufactures stone finishing, cutting, and polishing products. Zein Investments is a Missouri limited liability company with its principal place of business in St. Louis, Missouri. Elzein, a Missouri citizen, is an organizer of Zein Investments and is responsible for entering into contracts on behalf of Zein Investments. Prussiani, owned by Zein Investments, is a Missouri limited liability company with its principal place of business in St. Louis, Missouri.

On April 3, 2009, plaintiff and Zein Investments entered into an agreement (the "Operating Agreement"), which formed Sasso America, LLC (the "Company"), a Missouri limited liability company. Elzein is president of the Company. Plaintiff and the Company entered into a distribution agreement, in which the Company was given the exclusive right to sell and market Sassomeccanica products in the United States using the Sassomeccanica trademark. Upon formation of the Company, plaintiff shared its contacts and customer lists with the Company, Zein Investments, and Elzein, and plaintiff began sharing leads with the Company. The Company marketed itself and Sassomeccanica products by creating a website, attending trade shows, advertising in magazines, and sending emails to customer lists.

The distribution agreement contained a non-compete clause. Elzein, however, on behalf of the Company, marketed and sold Prussiani's products, including to customers whose

2

information was obtained through plaintiff's contact lists, despite plaintiff's objections that Prussiani is a competitor.

On January 17, 2013, Elzein informed plaintiff that Zein Investment's relationship with plaintiff was terminated. Plaintiff acknowledged that the Operating Agreement was terminated and plaintiff terminated the distribution agreement. After the relationship had ended, Elzein and Zein Investments continued to represent themselves as distributors for Sassomeccanica products, use Sassomeccanica's trademarks in its marketing, and use plaintiff's contacts and customer lists to promote Prussiani's products.

## DISCUSSION

Defendants argue that plaintiff has failed to allege facts that establish a prima facie case for personal jurisdiction over them. Plaintiff argues that general personal jurisdiction exists because the parties entered into a joint venture, such that the defendants are subject to general jurisdiction in Illinois, where plaintiff is located. The parties had not entered into a joint venture, however. Under Missouri law, which governs this case under the Operating Agreement, a joint venture has four elements: (1) an express or implied agreement among members of a partnership; (2) a common purpose to be carried out by the members of the group; (3) a community of pecuniary interest in the common purpose; and (4) an equal voice, giving an equal right of control in the direction of the enterprise. Eads v. Kinstler Agency, Inc., 929 S.W.2d 289, 292 (Mo. Ct. App. 1996) (citing McSorley v. Hauck, 883 S.W.2d 562, 566 (Mo. App. 1994)). The parties became members of a limited liability company, rather than a partnership, and did not have equal shares of the Company (plaintiff owned 350 units and Elzein owned 650 units).

Moreover, to be subject to general jurisdiction in a state, businesses' "affiliations with the State [must be] so 'continuous and systematic' as to render them essentially at home in the forum State." Daimler AG v. Bauman, 134 S.Ct. 746, 754 (2014). With regard to Elzein, he is subject to general jurisdiction only in the state where he is a citizen, Missouri. Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2853 (2011).

Plaintiff further argues that, even if the defendants are not subject to general personal jurisdiction in Illinois, they are subject to specific personal jurisdiction. Plaintiff alleges that specific jurisdiction exists over defendants based on its Lanham Act claims because defendants directed their conduct toward plaintiff in Illinois through use of the Company's website. Because the Lanham Act does not have a special federal rule for personal jurisdiction, plaintiff must allege facts that establish that defendants have "certain minimum contacts" with Illinois such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball Inc., 751 F.3d 796, 800-01 (7th Cir. 2014) (internal quotation marks omitted). To establish that minimum contacts exist, it is not enough that defendants operate a website that is accessible in Illinois. Id. at 803 (citing be2 LLC v. Ivanov, 642 F.3d 555, 558 (7th Cir. 2011)).

The complaint also alleges that, on information and belief, the defendants marketed and sold competitors' products in Illinois. Elzein, however, has provided an affidavit in which he states that Zein Investments has no presence in Illinois, and neither Prussiani nor the Company have ever sold a product in Illinois. "Any conflicts in the pleadings and affidavits are to be resolved in the plaintiffs' favor, but the court accepts as true any facts contained in the defendants' affidavits that remain unrefuted by the plaintiffs." Interlease Aviation Investors II

(Aloha) LLC v. Vanguard Airlines, Inc., 262 F.Supp. 2d 898, 905 (N.D. Ill. 2003) (citing Cont'l Cas. Co. v. Marsh, 2002 WL 31870531, at *2 (N.D. Ill. Dec. 23, 2002) (citing RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir.1997))). To rebut the facts alleged in Elzein's affidavit, plaintiff must present facts in its own affidavit that establish a prima facie case that personal jurisdiction exists over defendants. Because plaintiff has failed to file its own affidavit, the court accepts the facts in Elzein's affidavit as true. Therefore, this court does not have personal jurisdiction over the defendants.

Further, plaintiff has failed to provide facts to establish that venue is proper in the Northern District of Illinois. Plaintiff alleges that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this district, but plaintiff does not specify which events occurred in Illinois. Where venue is improper, the court can *sua sponte* transfer the case to a district where venue is proper under 28 U.S.C. § 1406(a), even in cases for which the transferor court does not have personal jurisdiction. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."); Trujillo v. Williams, 465 F.3d 1210, 1222 (10th Cir. 2006) ("A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice.").

St. Louis, Missouri is located in the Eastern District of Missouri, Eastern Division, and defendants are undoubtedly subject to general personal jurisdiction there, since Elzein is a citizen of Missouri and Prussiani and Zein Investments both have their principal places of

5

business in St. Louis.  Venue is also appropriate in the Eastern District because the Company and Zein Investments' decisions are made where their businesses are located, thus satisfying 28 U.S.C. § 1391(b)(2).  Consequently, the court has determined that it is in the interest of justice to transfer the case to the Eastern District of Missouri, Eastern Division, where both venue and personal jurisdiction are present.

## CONCLUSION

For the reasons discussed above, this case is transferred to the Eastern District of Missouri, Eastern Division.

**ENTER:** **September 24, 2014**

_____
**Robert W. Gettleman**
**United States District Judge**