# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SASSO USA, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:14-CV-1728 JAR |
| ZEIN INVESTMENTS, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Standing and Failure to State a Claim. (Doc. No. 38) The motion is fully briefed and ready for disposition.

**Background**

Plaintiff Sasso USA, Inc. ("Sasso"), an Illinois corporation, is a subsidiary of Sassomeccanica, S.r.L., a multinational corporation that designs and manufactures stone finishing, cutting, and polishing products. (Amended Complaint ("AC"), Doc. No. 6 at ¶ 1) Defendant Zein Investments, LLC ("Zein Investments") is a Missouri limited liability company with its principal place of business in St. Louis, Missouri (id. at ¶ 2); Defendant Hassan "Alex" Elzein ("Elzein"), a Missouri citizen, is an organizer of Zein Investments and responsible for entering into contracts on behalf of Zein Investments (id. at ¶¶ 3, 10-11); and Defendant Prussiani USA, LLC ("Prussiani") is a Missouri limited liability company with its principal place of business in St. Louis, Missouri. (Id. at ¶ 4)

On April 3, 2009, Sasso and Zein Investments entered into an agreement (the "Operating Agreement"), which formed Sasso America, LLC (the "Company") as a joint venture for the purpose of selling, distributing and maintaining the stone manufacturing equipment sold to the

Company by Sasso. (Id. at ¶ 7; Operating Agreement ("OA"), Doc. No. 6-1) Pursuant to the Operating Agreement, Zein Investments owned 65% of the Company and Sasso owned the remaining 35%. (See OA at ¶ 3.1; Exhibit B) Zein Investments was the initial manager of the Company. (Id. at 1) Although the Operating Agreement limited Zein Investments' liability to the Company and its members for losses arising out of its management of the Company, the Operating Agreement excluded from its liability waiver "any act or omission if such act or omission [constituted] fraud, negligence, or intentional misconduct." (Id. at ¶ 7.7)

On April 21, 2009, Sasso and the Company entered into a Distribution and Licensing Agreement (the "Distribution Agreement"), whereby the Company was given the exclusive right to sell and market Sassomeccanica products in the United States using the Sassomeccanica trademark. (AC at ¶ 16; Distribution Agreement ("DA"), Doc. No. 6-1 at 24-40) The Distribution Agreement specifically provided that Sasso retained possession of its intellectual property, and that the Company would not take any action that might jeopardize Sasso's trademarks or other intellectual property rights. (DA at ¶ 5.3) The Distribution Agreement provided that the Company along with "any person or company controlled by or under common control with [the Company], and its directors, officers and managers will not, directly or indirectly through another person, promote, represent, distribute, or otherwise market or service products that, in [Sasso's] reasonable judgment, compete with or perform functions similar to" Sasso's products. (Id. at ¶ 6.8)

Upon formation of the Company, Sasso shared its contacts and customer lists with the Company, Zein Investments, and Elzein, and began sharing leads with the Company. (AC at ¶¶ 24-25) The Company marketed itself and Sassomeccanica products by creating a website, attending trade shows, advertising in magazines, and sending emails to customer lists. (Id. at ¶¶

26, 34) Sasso alleges that despite the non-compete clause in the Distribution Agreement (see id. at ¶ 21), Elzein, on behalf of the Company, marketed and sold Prussiani's products, including to customers whose information was obtained through Sasso's contact lists, despite Sasso's objections that Prussiani is a competitor.

On January 17, 2013, Elzein informed Sasso that Zein Investment's relationship with Sasso was terminated. (Id. at ¶ 53) Sasso acknowledged the Operating Agreement was terminated and terminated the Distribution Agreement. After the relationship ended, Elzein and Zein Investments continued to represent themselves as distributors for Sassomeccanica products, use Sassomeccanica's trademarks in its marketing, and use Sasso's contacts and customer lists to promote Prussiani's products. (Id. at ¶¶ 55-60)

Sasso filed this action against Defendants Zein Investments, Elzein, and Prussiani (collectively "Defendants") on March 24, 2015 in the United States District Court for the Northern District of Illinois. An amended complaint was filed on April 8, 2014 asserting fourteen counts: Counts 1, 2, 6, and 7 allege violations of Section 347.088 of the Missouri Limited Liability Company Act by Elzein and Zein Investments and specifically that they breached duties of care and loyalty owed to the Company and to Sasso (AC at ¶¶ 63-82; 106-125); Counts 3, 4, 8, and 9 allege common law violations of the same duties by Elzein and Zein Investments (id. at ¶¶ 83-95, 126-138); Count 5 alleges a cyberpiracy breach of the Lanham Act, 15 U.S.C. § 1125(d), by Elzein related to his handling of the contested Sasso-branded internet domain name (id. at ¶¶ 96-105); Count 10 alleges a breach of the Company's Operating Agreement by Zein Investments arising out of its misuse of Company property to market rival products (id. at ¶¶ 139-145); Count 11 alleges that Zein Investments' breach of the Distribution Agreement, by, *inter alia,* selling Prussiani products and misusing Sasso's trademarks, constituted a separate

breach of the Operating Agreement (id. at ¶¶ 146-164); Count 12 alleges trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a), by Zein Investments and Elzein arising out of their use of various Sasso trademarks beyond the scope of the authority provided by the Distribution Agreement (id. at ¶¶ 165-176); Count 13 alleges Defendants tortiously interfered with Sasso's business relationships and prospective business relationships with various customers by using information provided by Sasso to sell Prussiani products (id. at ¶¶ 177-182); and Count 14 alleges Defendants were unjustly enriched by using Sasso's property to market and sell competing Prussiani products. (Id. at ¶¶ 183-186)

Defendants moved to dismiss for lack of personal jurisdiction. The Northern District agreed and, finding venue and jurisdiction proper in this Court, transferred the case sua sponte pursuant to 28 U.S.C. § 1406(a). (Doc. Nos. 26, 27, 29) Defendants now move to dismiss Sasso's amended complaint for lack of standing and failure to state a claim.

**Legal standard**

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must assume all the facts alleged in the complaint are true, and liberally construe the complaint in the light most favorable to the plaintiff. Foster v. Deutsche Bank Nat. Trust Co., 2012 WL 5285887, at *2 (E.D.Mo. Oct. 25, 2012) (citing Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir.2008)). The allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Thus, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d

316, 317 (8th Cir.2004). When a motion to dismiss is made on standing grounds, the standing inquiry must be done in light of the factual allegations of the pleadings. City of Clarkson Valley v. Mineta, 495 F.3d 567, 569 (8th Cir.2007).

**Arguments of parties**

Defendants argue that Sasso, as a member of a Missouri limited liability company, lacks standing to bring this action against its members for damages, and further, under Missouri law, such claims must be brought as a derivative action on behalf of the LLC, citing Gray v. Bicknell, 86 F.3d 1472, 1487 (8th Cir. 1996); 21 West, Inc. v. Meadowgreen Trails, Inc., 913 S.W.2d 858 (Mo.Ct.App. 1995). Defendants further argue that to the extent Sasso seeks judgment as a derivative action, it has failed to allege compliance with the requirements of §§ 347.171 and 347.173 RSMo., specifically, that it has made demand on the authorized person or persons having the authority to cause Sasso to institute any action, that the persons with such authority have refused to bring the action or, after adequate time to consider the demand, have failed to respond to such demand. Lastly, Defendants assert that even if Sasso amended its complaint to allege a derivative action, there would be no federal jurisdiction since both Sasso and Defendants are Missouri citizens. (Doc. No. 39 at 3-4)

In response, Sasso acknowledges the general rule in Missouri that, "in breach of fiduciary duty suits, individual shareholders must sue corporate directors and officers derivatively," see Gray, 86 F.3d at 1487, but notes the Missouri Court of Appeals, Eastern District recently held that Missouri law supports "the imposition of fiduciary duties upon managers of an LLC to members of the LLC." See Hibbs v. Berger, 430 S.W.3d 296, 315 (Mo.Ct.App. 2014). (Doc. No. 45 at 7) Sasso also contends that if the "general rule" of fiduciary duty claims governs, it is not required to bring its claims derivatively because it has alleged an injury distinct from any injury

incurred by the Company. See Clockwork Home Services, Inc. v. Robinson, 423 F.Supp.2d 984, 990 (E.D.Mo. 2006) ("An exception to this general rule exists, however, permitting an individual rather than derivative action, where a complaint relates to the direct injury of the plaintiff …") (internal quotation marks and citation omitted)). (Doc. No. 45 at 8-10) Finally, Sasso asserts that further amendment of its pleadings to allege its claims derivatively would not cause the Court to lose jurisdiction over this action because two of its claims arise under the Lanham Act, a federal statute, and its remaining claims are properly the subject of supplemental jurisdiction. (Id. at 10-11; Doc. No. 49 at 2)

Defendants reply that Sasso's reliance on Hibbs is misplaced because the court did not address whether, in the context of a limited liability company, a claim for breach of fiduciary duty must be brought as a derivative action. 430 S.W.3d at 317 n. 10. (Doc. No. 46 at 4-5) In any case, Defendants argue Sasso has failed to plead a direct injury allowing it to bring a direct action instead of a derivative action. (Doc. No. 46 at 5-11)

**Discussion**

The general rule in Missouri is that an individual shareholder may not bring an action in his or her own name to recover for wrongs done to the corporation or its property. See Gray, 86 F.3d at 1487. This is because the injury is to the corporation, i.e., to the shareholders collectively, and not to the shareholders individually. Clockwork, 423 F.Supp.2d at 990 (citing Dawson v. Dawson, 645 S.W.2d 120, 125 (Mo.Ct.App. 1982)). There is, however, an exception to this general rule which permits an individual rather than derivative action, "[w]here a complaint relates to the direct injury of the plaintiff." Id. "Whether a suit may be brought as an individual action or only as a derivative suit on behalf of the corporation turns on whether the plaintiff has suffered an injury distinct from that suffered by the corporation." Arent v. Distrib. Sciences, Inc.,

975 F.2d 1370, 1372 (8th Cir. 1992) (citation omitted). In characterizing the injury claims as either direct as to the individual or indirect as to the corporation, "a court must look to the body of the complaint and the gravamen of the injuries asserted." Clockwork, 423 F.Supp.2d at 990-91 (internal quotation omitted). "If the damages at issue are only indirectly sustained by the stockholder as a result of injury to the corporation, the stockholder does not have a cause of action as an individual." Id.

Here, Sasso asserts Defendants' actions in marketing and selling Prussiani products undermined the value of its products and trademark and breached both the Operating and Distribution Agreements. Sasso alleges Defendants used customer lists and contacts belonging to the Company, sales leads generated by the marketing of the Company, and the domain name "Sassoamerica.com," to benefit themselves at the expense of Sasso and the Company.

The Court finds Sasso has failed to plead an injury resulting from Defendants' alleged misconduct that is distinct from that incurred by the Company. Instead, the actions alleged necessarily harmed the Company and only indirectly impacted Sasso in its capacity as a member of a limited liability company. Thus, any action seeking relief must be brought derivatively on behalf of the Company. Id. at 991. Further, the requirement of pleading a derivative suit is not altered by the fact that Zein Investments is the majority member of the Company, and that Sasso may have been the only injured party. Id. at 991 n. 7 (citing Peterson v. Kennedy, 791 S.W.2d 459, 464 (Mo.Ct.App. 1990)).

Defendants assert that even if Sasso amended its complaint to allege a derivative action, there would be no federal jurisdiction since both Sasso and Defendants are Missouri citizens. Sasso points out that two of its claims arise under the Lanham Act, a federal statute, so that the

Court could have jurisdiction. Because this issue is not before the Court, the Court will not address this argument at this time.

**Conclusion**

For these reasons, the Court will grant Defendants' motion to dismiss and grant Sasso leave to amend its pleadings to allege a derivative action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Lack of Standing and Failure to State a Claim [38] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint no later than **Friday, September 4, 2015.**

Dated this 17th day of August, 2015.

*/s/ John A. Ross*
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**